IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL E. FALCO | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:12-CV-0134-DGK |
| | ) |
| FARMERS INSURANCE GROUP, INC., et. al., | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING MOTION TO REMAND

This case arises out of the parties' business relationship and Defendants' termination of Plaintiff's insurance agency license in the wake of Plaintiff's personal bankruptcy. Among other things, Plaintiff has alleged that this termination was an attempt to collect a debt that had been discharged in bankruptcy, a violation of the federal bankruptcy laws. This case was originally filed in the Circuit Court of Jackson County, Missouri. Defendant Paul Crosetti removed it to this Court by invoking the Court's federal question jurisdiction.

Now before the Court is Plaintiff's Motion to Remand (Doc. 2). Plaintiff contends this case is primarily a breach of contract action and does not involve a federal question. Plaintiff moves to remand the case back to state court for equitable reasons pursuant to 28 U.S.C. § 1452(b) and in the interest of comity under 28 U.S.C. § 1334(c)(1). Defendant Crosetti responds that this case was properly removed pursuant to the Court's federal question jurisdiction, 28 U.S.C. § 1331, and the Court's bankruptcy jurisdiction, 28 U.S.C. § 1334.

An action may be removed by the defendant to federal district court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court must remand the case to the

state court from which it was removed. 28 U.S.C. § 1447(c). With respect to whether this case presents a federal question claim, the threshold question is whether the complaint raises an issue of federal law under the well-pleaded complaint doctrine. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Under the well-pleaded complaint rule, a federal question must appear on the face of Plaintiff's properly pleaded complaint to establish federal question jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff is the master of his claim and "may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

In the present case, Plaintiff has clearly pled a federal question. Count I of Plaintiff's Petition is titled "Violation of Federal Bankrupty Laws" and asserts that Defendants actions "are in violation of the federal bankrupty laws . . ." Pet. at ¶ 20. While Plaintiff may now be having second thoughts about having pled his case this way, there is no doubt that he has pled a federal question. Thus this Court possesses original jurisdiction under 28 U.S.C. § 1331.

Furthermore, because this Court has original federal question jurisdiction, the abstention and equitable remand principles Plaintiff relies on in his motion to remand are not applicable. These principles apply only when the basis for federal jurisdiction is bankruptcy jurisdiction. 28 U.S.C. §§ 1334, 1452(b); *Rahl v. Bande*, 316 B.R. 127, 133-34 (S.D.N.Y. 2004). Consequently, the Court need not address these arguments.

Plaintiff's Motion to Remand (doc. 14) is DENIED.

**IT IS SO ORDERED.**

Date:   May 21, 2012                                        /s/ Greg Kays
                                                            GREG KAYS, JUDGE
                                                            UNITED STATES DISTRICT COURT